**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Akramov Bekzodjon Sobirovich,<br>Petitioner,<br>v.<br>Luis Rosa, Jr., et al.,<br>Respondents. | No. CV-26-10191-PHX-MTL<br>**ORDER** |

This matter represents Petitioner's fourth petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention.

In 2:26-CV-01112-PHX-JJT (JZB), this Court denied Petitioner's petition finding that petitioner had an upcoming individualized bond hearing scheduled. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

In Petitioner's second petition, in 2:26-CV-02303-MTL (JZB), this Court denied relief for three reasons. First, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), as issues related to his removal are pending before the Board of Immigration Appeals. *Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018). Second, insofar as Petitioner sought relief from his conditions of confinement, the proper vehicle is a non-habeas civil proceeding. *Pinson v. Carvajal*, 69 F.4th 1059, 1076 (9th Cir. 2023). Third, Petitioner's due process argument necessarily fails under authority of the United States Supreme Court, which has consistently held that admission-seeking aliens in removal proceedings are entitled only to the process established by Congress in law. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 138 (2020).

In his third petition, 2:26-CV-05070-MTL, Petitioner raised the same, previously denied, claims. The Court dismissed the petition under the abuse of writ doctrine. *McCleskey v. Zant*, 499 U.S. 467, 470, 489 (1991); *Barapind v. Reno*, 225 F.3d 1100, 1111-13 (9th Cir. 2000).

The Court has considered the petition in this case, along with the Respondents response in opposition. (Docs. 1, 6) The Court finds that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). The Court further finds that Petitioner has engaged in abuse of writ for filing multiple successive petitions that raise previously rejected grounds for relief.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of Court must enter a judgment of dismissal with prejudice and close this case.

Dated this 12th day of November, 2026.

Michael T. Liburdi
United States District Judge